JjCIACCIO, Judge.
In this suit for damages, the trial court rendered judgment in favor of defendant and against plaintiffs, thereby dismissing plaintiffs’ suit. Plaintiffs now appeal. We affirm.

FACTS

Plaintiffs, Skansi Oyster Corporation, Nick L. Skansi and Helen T. Skansi, are the owners and managers of ari oyster lease comprised of 85 acres of state water bottoms located in an area west of Grand Bayou in Plaquemines Parish, Louisiana. The oyster leases were specifically located in Shortway Bayou at the western end of the Seven Foot Canal, an oilfield canal running in an east-west direction off of Grand Bayou. In March of 1993, Louisiana Land and Exploration Company (LL & E) obtained the requisite permits for the drilling of Fee # 12 Well and the excavation of the well slip from the United States Army Corps of Engineers, the State of Louisiana and Plaquemines Parish. LL & E then contracted with C.L. Dill Company for the excavation of the well slip on the north bank of the Seven Foot Canal. LL & E also contracted with Mallard Bay Drilling, Inc. for the provision of the drilling rig to be used in the well slip. The rig remained on the site during drilling operations from March of 1993 through the latter part of August, 1993.
In conjunction with this project, LL & E also chartered various service tugs from Central Gulf Towing, Inc. for the movement of barges used to service the rig from the well slip to an abandoned tank battery located on the Lnorth bank of the Seven Foot Canal approximately 2000 feet to the west of the well site. The tank battery was also located approximately 2000 feet from the intersection of the Seven Foot Canal and Shortway Bayou, where the plaintiffs’ oyster lease was located.
During the summer of 1993, plaintiff Nick Skansi noticed damages to the oysters on the lease. He had previously noticed the drilling operations in the well slip, and had also observed tugboats in the well slip or at the tank battery.
Plaintiffs brought this suit for damages on March 28, 1994 against The Louisiana Land and Exploration Company (LL & E) and Mallard Bay Drilling, Inc., alleging that defendants were engaged in drilling activities near the site of their oyster lease which resulted in excessive siltation and damage to *331 the oysters. This matter was originally set for trial on July 11, 1995. However, on that date, plaintiffs filed a motion to continue trial on the basis that they had reached a settlement agreement with LL & E and Mallard, with a full reservation of rights to pursue claims against other entities which may be responsible for the damage to plaintiffs’ oysters.
On July 18, 1995, plaintiffs amended their petition to name as defendant Central Gulf Towing, Inc., alleging that from March to August of 1998, Central Gulf was engaged in towing activities which were related to the drilling operations of defendants, LL & E and Mallard, and Central Gulf was therefore solidarily hable with LL & E and Mallard. Central Gulf filed exceptions and an answer to plaintiffs’ amended petition.
Thereafter, on December 19, 1995, a joint motion and order of dismissal with prejudice was filed into these proceedings based on the settlement agreement between plaintiffs and LL & E and Mallard Bay. The trial court signed the order of dismissal on December 20, 1995, thereby dismissing |3plaintiffs’ claims against LL & E and Mallard, but reserving ah rights to proceed against Central Gulf Towing, Inc.
This matter proceeded to a bench trial on June 19-21, 1996 against Central Gulf Towing. Following the trial, the trial court rendered judgment in favor of defendant, finding no liability on the part of Central Gulf Towing for plaintiffs’ damages, and dismissed plaintiffs’ suit. The trial court stated in its reasons for judgment as follows:
In the instant ease, plaintiffs’ [sic] have not presented evidence sufficient to establish proof by a preponderance of the evidence. At best, plaintiffs have presented to the Court a case of circumstantial evidence upon which they rest their claims for damages. However, in this case the evidence presented by plaintiffs fails to carry the burden of proof.
Undoubtedly, plaintiffs sustained damages to the oysters on the oyster lease. The evidence supports a finding by this Court that the oyster production on the oyster lease was impacted by siltation. Plaintiffs’ [sic] attempted to prove that “but for” the movement of Central Gulfs tugboats in the Seven Foot Canal their damages would not have occurred. The evidence at trial supports a finding by this Court that there was sufficient activity in the Seven Foot Canal between March, 1998 and August, 1993 to exclude a finding by this Court that the circumstantial evidence presented by plaintiffs excluded every other reasonable cause.
Plaintiffs now appeal, asserting two assignments of error:
1) The trial court erred in failing to assess the percentage of fault attributable to the released parties and the defendant; and
2) The trial court erred in requiring plaintiffs to prove “but for” causation by presenting evidence which excluded all other reasonable causes.

DISCUSSION

In their first argument, plaintiffs allege that the trial court erred in failing to assess fault of Central Gulf and the released defendants. In support of this ^position, plaintiffs argue that the trial court found that Central Gulfs vessels in the Seven Foot Canal caused varying quantities of silt to be stirred up from the canal bottom. Plaintiffs point to the language of a footnote contained in the trial court’s reasons for judgment which states:
The evidence presented at trial supports a finding by this Court that the activities of moving the dredge in and out of the well slip site, the movement of the drilling in and out of the well slip, the movement of other vessels in the Seven Foot Canal, as well as the movement of Skansi Oyster Corporations vessel in the Seven Foot Canal caused varying quantities of silt to be stirred up from the canal bottom.
Plaintiffs contend that the trial court determined that the activities of Central Gulfs tugboats contributed to the siltation on the oyster leases. We agree that the trial court found that plaintiffs’ oyster leases were impacted by siltation. However, there is no specific holding that Central Gulfs tugboats caused any of the siltation which the trial court found to occur. Further, the judgment *332 of the trial court specifically held to the contrary, i.e., Central Gulf had no liability for the damage to plaintiffs oysters. Thus, plaintiffs are in error in their assertions that the trial court found that the activities of the Central Gulf tugboats contributed to damage to the oyster leases. As the trial court found no liability on the part of defendant Central Gulf, there was no need to assign a percentage of fault either to defendant Central Gulf or to the other released defendants. Plaintiffs’ argument is without merit.
Plaintiffs next contend that the trial court erred in requiring plaintiffs to prove causation by submitting evidence which ruled out all other reasonable causes. However, we do not find that the trial court required plaintiffs to meet this burden. Rather, the trial court found that the evidence introduced on Central Gulfs alleged negligence (which was the only matter before the trial Rcourt) was insufficient to prove that the activities of Central Gulf contributed to the siltation on plaintiffs’ oyster beds. Although the trial court found that there were several sources of siltation during the period in question, including the activity of plaintiffs’ own vessel, the trial court concluded that there was insufficient evidence to prove that Central Gulfs vessels contributed to the damage of the oyster beds. Plaintiffs were not required to rule out all other reasonable causes of the damages. They were, however, required to prove by a preponderance of the evidence that the activities of Central Gulfs tugboats were a cause in fact of their damage.
The trial court found that plaintiffs introduced only circumstantial evidence which was insufficient to support a finding that the vessels of Central Gulf contributed to the siltation in the Seven Foot Canal where plaintiffs’ oyster leases were located. The trial court described the evidence upon which plaintiffs rest their claims for damages as follows:
In summary, plaintiff presented evidence that there were possible twin screw signatures adjacent to the tank battery slip, peat balls were present on the oyster lease and peat was found on the south bank of the Seven Foot Canal near the tank battery slip, the increased oyster mortality found at the oyster lease was attributed to siltation and the movement of the barges by the defendant caused silt to be stirred up. Nick L. Skansi also testified that on occasion he saw “black smoke” coming from the tank battery area, indicating to him that the tugboats were operating at maximum power. Mr. Skansi never testified that he actually saw the tugboats operating in the Seven Foot Canal.
The trial court concluded that the evidence presented by plaintiffs was insufficient to establish a causal connection between the acts of the defendant and plaintiffs’ damages. A determination on the issue of causation is a factual finding which should not be disturbed on appeal absent manifest error. Martin v. East Jefferson General Hosp., 582 So.2d 1272, 1278 (La.1991). We have|6carefully reviewed the entire record in this matter, and we fail to find manifest error in the trial court’s determination that the activities of the Central Gulf tugboats did not cause or contribute to plaintiffs’ damages:
We agree with the facts recited by the trial court in its lengthy reasons for judgment, and we adopt those reasons as our own. Although the trial court cited to other events which may have caused the siltation of plaintiffs’ oyster beds, the trial court did not rely solely on these other possible causes in denying plaintiffs’ claims against Central Gulf. The trial court concluded that plaintiffs’ evidence was circumstantial, and that plaintiff had failed to prove by a preponderance of the evidence that the activities of the tug boats caused damage to the oyster lease. Based on the record before us, we find this determination to be reasonable. We find no manifest error in the trial court’s factual findings regarding causation.

CONCLUSION

Accordingly, for the reasons stated herein, the judgment of the trial court is affirmed.

AFFIRMED.

BARRY, J., dissents with reasons.